UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: FEB 04 2016
```

Jane Doe,

               Plaintiff,

–v–

City of New York et al.,

               Defendants.

15-CV-117 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    Plaintiff filed this lawsuit under seal on January 8, 2015 raising civil rights and common law claims against the City of New York and unidentified Rikers Island employees. Plaintiff alleges that she was the victim of sexual and physical assaults while incarcerated at Rikers Island in October 2013 and January 2014. Currently pending before the Court is Plaintiff's motion to proceed anonymously. For the reasons articulated below, that motion is GRANTED.

**I.    BACKGROUND**

    In her Amended Complaint, Plaintiff alleges that she suffered "serious physical and psychological injuries" due to a series of sexual and physical assaults perpetrated by corrections officers during her detention at Rikers Island ("Rikers"). Am. Comp. ¶ 2. During two separate periods of incarceration at Rikers in October 2013 and January 2014, Plaintiff alleges that she was sexually assaulted on at least four occasions, placed in a "hot cell" without water until she passed out, and subjected to repeated physical assault. *Id.* ¶¶ 30, 79-81, 83-88, 90-92. In addition, Plaintiff describes a particularly brutal "bathroom assault" that occurred on her second night at Rikers in October 2013. For a period of approximately 24 hours, Plaintiff alleges that she was kept in an out-of-order bathroom, stripped naked, handcuffed to a toilet, penetrated

1

anally, vaginally, and orally on several occasions by several male corrections officers, force fed soapy water, and sprayed with pepper spray. *Id.* ¶¶ 36-55. At the end of this ordeal, a female guard escorted Plaintiff out of the bathroom and back to the women's dormitory. *Id.* ¶¶ 56-60.

Plaintiff filed this lawsuit on January 8, 2015. The lawsuit was stayed and remained under seal while the Bronx District Attorney's Office conducted a criminal investigation into Plaintiff's allegations. In December 2015, the parties indicated that the Bronx District Attorney's Office had concluded its investigation. Plaintiff requested that the matter remain under seal until the Court had an opportunity to rule on her motion to proceed anonymously.

## II.  LEGAL STANDARD

Plaintiff requests permission to proceed anonymously and file her complaint using the pseudonym Jane Doe. Although Federal Rule of Civil Procedure 10 requires that a "complaint . . . name all the parties" to a lawsuit, *see* Fed. R. Civ. P. 10(a), courts have "carved out a limited number of exceptions to the general requirement of disclosure [of the names of parties], which permit plaintiffs to proceed anonymously." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008) (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). In determining whether to grant such a request, the court must balance "the plaintiff's interest in anonymity" against "both the public interest in disclosure and any prejudice to the defendant." *Id.* To guide the court's exercise of discretion in balancing these interests, the Second Circuit has articulated a non-exhaustive list of ten factors, which include:

> (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that

2

>of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 190 (citations, alterations, and internal quotation marks omitted).

### III. DISCUSSION

Plaintiff argues that the *Sealed Plaintiff* factors weigh in favor of permitting her to proceed anonymously under the pseudonym Jane Doe. In response, the Defendant City of New York ("Defendant") argues that Plaintiff's allegations are unsubstantiated and that allowing her to proceed anonymously would be prejudicial at trial. The Court evaluates the relevant *Sealed Plaintiff* factors below.

#### A. Plaintiff's Allegations Involve Matters That Are Highly Sensitive and of a Personal Nature

Under the standard articulated in *Sealed Plaintiff*, the first factor a court should consider in evaluating a motion to proceed anonymously is "whether the litigation involves matters that are highly sensitive and of a personal nature." 537 F.3d at 190 (internal quotation marks omitted). Plaintiff argues that the "graphic details of sexual abuse" contained in her Complaint satisfy this criteria. Br. at 6. Defendant does not seriously contest this assertion.[1]

Courts have repeatedly found that the intimate nature of sexual assault allegations justifies permitting a plaintiff to raise such claims anonymously. *See Doe No. 2 v. Kolko*, 242

---

[1] Instead, Defendant merely argues that the failure of the Bronx District Attorney's Office to press criminal charges means that Plaintiff's allegations are unsubstantiated. Opp. Br. at 1-2.

3

F.R.D. 193, 195 (E.D.N.Y. 2006) (citing *Doe v. Blue Cross & Blue Shield United of Wisc.*, 112 F.3d 869, 872 (7th Cir. 1997)) ("[S]exual assault victims are a paradigmatic example of those entitled to a grant of anonymity."); *see also Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (plaintiff's "brutal sexual assault" raised "very legitimate privacy concerns"). While not disputing this general proposition, at least one court in this district has suggested that whether a sexual assault case is sufficiently "extreme" or "sensitive" to justify anonymity turns on the "degree[] of abuse" in question. *See Doe v. Del Rio*, 241 F.R.D. 154, 160 (S.D.N.Y. 2006) (Lynch, J.) (finding allegations of "fondling the victim's breasts, arms, neck and back" insufficiently "intimate" to justify anonymity). Here, Plaintiff alleges a sadistic assault at the hands of corrections officers at Rikers. These allegations are unquestionably "extreme" and of a "highly sensitive and . . . personal nature." *See Sealed Plaintiff*, 537 F.3d at 190; *Del Rio*, 241 F.R.D. at 160. The Court thus finds that this factor weighs in favor of permitting Plaintiff to proceed anonymously.

### B. Plaintiff Does Not Adequately Demonstrate a Risk of Mental Harm

The second *Sealed Plaintiff* factor evaluates "whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously." 537 F.3d at 190 (alterations omitted). On this point, Plaintiff argues that disclosure of her identity will exacerbate the post-traumatic stress disorder ("PTSD") from which she suffers as a result of her brutalization. Br. at 6. Defendant responds that any mental illness Plaintiff may suffer is insufficiently documented. Opp. Br. at 1.

In connection with this motion, Plaintiff's counsel has submitted a sworn declaration indicating that she has "reviewed medical records" from Plaintiff's psychiatrist that "reflect a diagnosis of PTSD and the prescription of medication for that condition." Resnik Decl. ¶ 5.

4

Plaintiff's counsel further explains that, from her personal interactions with Plaintiff, she can attest that "Plaintiff has demonstrated severe emotional distress when asked to recount the sexual assaults" in question. *Id.* Although the Court is satisfied that Plaintiff's diagnosis of PTSD is sufficiently documented, it is unclear whether Plaintiff has made a sufficient showing that "granting [her] permission to proceed under [a] pseudonym[] will prevent" exacerbation of her PTSD. *Del Rio*, 241 F.R.D. at 161. In most cases, a party seeking to proceed anonymously will submit the statement of a medical professional detailing the harms associated with identification. *See id.*; *see also Kolko*, 242 F.R.D. at 196; *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999). Plaintiff's counsel has indicated that she attempted to procure such a letter but was informed that Plaintiff's medical facility "does not provide such letters as a matter of policy." Reply Br. at 2. Plaintiff's counsel does, however, opine that media attention likely to be attracted by this case may exacerbate Plaintiff's PTSD. *Id.* While the Court finds this explanation plausible, there is less supporting evidence of psychological harm here than in many other cases where anonymity is sought. As a result, the Court finds that this factor weighs neither in favor nor against permitting Plaintiff to proceed anonymously.

### C. Plaintiff's Lawsuit Challenges Government Action

Another important factor under the *Sealed Plaintiff* test is whether the lawsuit challenges government or private action. 537 F.3d at 190. Traditionally, courts have been reluctant to authorize plaintiffs alleging sexual assault to proceed anonymously when suing private parties. *See Shakur*, 164 F.R.D. at 361-62 (refusing to allow plaintiff suing Tupac Shakur to proceed anonymously). However, as the Second Circuit has recognized, suits involving government action are different. *See Sealed Plaintff*, 537 F.3d at 190. While private defendants in civil lawsuits may suffer "damage to their good names and reputation," *Shakur*, 164 F.R.D. at 361

5

(quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979)), "a challenge to governmental [action] ordinarily implicates a public interest and the government has less of a concern with protecting its reputation than a private individual." *Kolko*, 242 F.R.D. at 195. Thus, with respect to Plaintiff's suit against the City of New York, the Court finds that this factor weighs in favor of permitting Plaintiff to proceed anonymously.

Plaintiff's suit also names currently unidentified individual corrections officers and guards as defendants, whom Plaintiff will attempt to identify through discovery. Br. at 6. At least one other court in this district has allowed plaintiffs to proceed anonymously in a similar Rikers sexual abuse lawsuit identifying an individual corrections officer defendant. *See Jane Doe 1 & Jane Doe 2 v. City of New York & Benny Santiago*, 15-CV-3849 (S.D.N.Y. May 19, 2015). As that case suggests, Plaintiff's alleged assault at the hands of Rikers corrections officers and guards is not a purely private matter, but "implicates a public interest." *Kolko*, 242 F.R.D. at 195. Furthermore, the currently unidentified Rikers employees are not "ordinary private parties," but instead individuals who "perform an important[] public service," *see id.* (quoting *EW v. New York Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2003)), and it is their performance of this public service that Plaintiff challenges under 42 U.S.C. § 1983. For these reasons, the Court finds that this factor also weighs in favor of permitting Plaintiff to proceed anonymously with respect to the unidentified individual defendants.

### D. Defendant Does Not Demonstrate Any Prejudice At This Stage

*Sealed Plaintiff* also instructs courts to consider "whether the defendant is prejudiced by allowing the plaintiff to press [her] claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court." 537 F.3d at 190. Defendant, who is aware of Plaintiff's identity, argues

with respect to prejudice only that "a jury may unfairly give plaintiff['s] claim more weight than it would if plaintiff[] appear[ed] under [her] own name[]." Opp. Br. at 2. As an initial matter, Defendant does not explain why anonymity would invite a jury to perceive Plaintiff's claim more favorably. More importantly, however, this factor is to be assessed with respect to the "particular stage of the litigation." *Sealed Plaintiff*, 537 F.3d at 190. Because the case is not yet proceeding to trial, the Court finds that this factor weighs in favor of permitting the Plaintiff to proceed anonymously at this "particular stage of the litigation." *Id.*

### E. Plaintiff's Identity Has Been Kept Confidential

Another *Sealed Plaintiff* factor requires courts to consider "whether the plaintiff's identity has thus far been kept confidential." *Id.* In several cases in this district denying a plaintiff raising sexual assault allegations the ability to proceed anonymously, courts have remarked that the plaintiff's identity was already known to the public. *See, e.g., Shakur*, 164 F.R.D. at 362 (media was already aware of plaintiff's identity). While Defendant and the Bronx District Attorney's Office know Plaintiff's true identity, there is no indication that her identity is known to the public or the media. As a result, the Court finds that this factor weighs in favor of permitting Plaintiff to appear anonymously.

### F. Plaintiff's Continued Anonymity Is In the Public Interest

The final *Sealed Plaintiff* factor relevant here is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose [her] identity." 537 F.3d at 190. Courts in this circuit have recognized that there is a public interest "in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Kolko*, 242 F.R.D. at 195 (E.D.N.Y. 2006); *see also Shakur*, 164 F.R.D. at 361 (noting that anonymity in certain sexual assault cases could "encourage victims to testify to vindicate the

7

public's interest"). Here, Plaintiff alleges a disturbing series of sexual assaults to which she was subjected by corrections officers while incarcerated at Rikers. As a result, the Court finds that the public interest "in protecting the identities of sexual assault victims" to "encourage [other] victims to testify to vindicate the public's interest" in eradicating prison sexual abuse weighs in favor of permitting Plaintiff to appear anonymously. *See Kolko*, 242 F.R.D. at 195 (E.D.N.Y. 2006); *Shakur*, 164 F.R.D. at 361.

***

Plaintiff's Amended Complaint describes a series of sexual and physical assaults, one of which was particularly sadistic, at the hands of corrections officers at Rikers. As noted above, most *Sealed Plaintiff* factors weigh in favor of anonymity here. Because the nature of Plaintiff's alleged assault is particularly intimate and humiliating, her lawsuit challenges government action, her anonymity will not prejudice Defendants at this stage, and preserving Plaintiff's anonymity may encourage others to report abuse by corrections officers without fear of harassment, the Court finds that permitting plaintiff to proceed anonymously is justified.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to proceed anonymously is GRANTED at this time and the Court authorizes Plaintiff to file the proposed Amended Complaint. However, Defendants may move to revisit the issue of Plaintiff's anonymity before the case proceeds to trial. The Court will unseal this action and schedule an initial pretrial conference by separate orders.

SO ORDERED.

Dated: February ___, 2016
       New York, New York

_____
ALISON J. NATHAN
United States District Judge