UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



SEP 1 3 2019

Jane Doe,

          Plaintiff,

   –v–

The City of New York et al.,

          Defendants.

15-CV-117 (AJN)

MEMORANDUM OPINION
AND ORDER

ALISON J. NATHAN, District Judge:

On October 12, 2018, the parties submitted letters to the Court regarding redactions to the

Court's September 28, 2018, Memorandum and Order (the "Order"). Plaintiff requested that the

Order be "publicly filed, in its entirety, as soon as practicable." Pl. Red. Let. at 3. Defendants, on

the other hand, requested redactions to pages 15-16 of the Order, describing past allegations of

misconduct against Defendant Porter and the response to those allegations.

The Court's analysis is guided by the three-part test articulated by the Second Circuit in

*Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the Court

must: (i) determine whether the documents in question are "judicial documents"; (ii) assess the

weight of the common law presumption of access to the materials; and (iii) balance competing

considerations against the presumption of access. *Id.* at 119-20. "Such countervailing factors

include but are not limited to 'the danger of impairing law enforcement or judicial efficiency'

and 'the privacy interests of those resisting disclosure.'" *Id.* at 120 (quoting *United States v.*

*Amodeo*, 71 F.3d 1044, 1048 (2d Cir.1995) ("*Amodeo II*")). Both parties agree that the Court's

1

Order qualifies as a judicial document, so this Court will proceed to examine the latter two factors in turn.

The Court finds that there is a strong presumption of access to the portions of the Order that Defendants seek to redact. As a general matter, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance." *Amodeo II*, 71 F.3d at 1049. More specifically, the Second Circuit in *Lugosch* noted that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons." *Lugosch*, 435 F.3d at 123.

While Defendants cite *Amodeo II* for the proposition that materials used in a denial of summary judgment are entitled to a lower presumption of access, Def. Red. Mot. at 2, *Lugosch* is directly to the contrary. Describing the section of *Amodeo II* on which Defendants rely as "dicta" the court in *Lugosch* then rejected this argument on the merits, concluding that the presumption is at its "highest" when relating to judicial documents used by the parties to move for or oppose summary judgment, independent of the outcome of those motions. *Lugosch*, 435 F.3d at 121–23. This reasoning, naturally, extends to the Court's decision itself (which here is describing documents submitted by the parties). *See Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 166 (S.D.N.Y. 2018) ("An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny.") (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

2

Defendants' argument that the public access interest was lessened because the materials cited were not "central" to the Court's decision is incorrect both as a matter of a law and a description of the Order. Once again, *Lugosch* forecloses Defendants' argument. 435 F.3d at 123 ("Nor was the district court correct to suggest that different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving the motion."); *United States v. Sattar*, 471 F. Supp. 2d 380, 386 (S.D.N.Y. 2006) ("Most recently in the *Lugosch* case, the Court of Appeals made clear that the weight of the presumption is not affected by the fact that the Court may not have relied upon the document submitted or found the document useful."). After *Lugosch*, "[i]f a party submitted the document as part of the process of adjudication, the presumption of public access accorded the document is entitled to great weight." *Sattar*, 471 F. Supp. 2d at 386. Indeed, "documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." *Bernsten*, F. Supp. 3d at 166 (quoting *Lugosch*, 435 F.3d at 121)). While *Lugosch* does note that "matters that come within a court's purview solely to insure their irrelevance" enjoy less protection, *Lugosch*, 435 F.3d at 119, Plaintiff is correct that the Court relied on the content and nature of these reports in reaching its conclusion that "a reasonable juror could conclude that the City had actual or constructive notice that Defendant Porter had a propensity to seriously abuse or sexually assault female inmates." Order at 16. As "the rationale behind access is to allow the public an opportunity to assess the correctness of the judge's decision," *Lugosch*, 435 F.3 at 123, the Court's reliance on these reports would further support a finding of a strong presumption of access.

3

Turning to the third prong, the balancing of competing interests, the burden to show that redactions are warranted rests with Defendants. *Collado v. City of New York*, 193 F. Supp. 3d 286, 289 (S.D.N.Y. 2016) (citing *DiRussa v. Dean Witter Reynolds, Inc*., 121 F.3d 818, 826 (2d Cir.1997)). Defendants identify a number of possible countervailing interests: Defendant Porter's interest in privacy, Defendant Porter's economic livelihood, judicial integrity, and the privacy rights of third parties quoted in the Order. As to the first two, Defendants note that Defendant Porter retired with a "good guy" letter to show future employers. Def. Red. Mot. at 3. Defendants then argue that exposing Defendant to reputational damage "unfairly endangers his current good status, which impacts his employment prospects." *Id.* However, Defendants fail to explain why leaving descriptions of past allegations against Defendant Porter in the Order would imperil his letter or status—particularly since Defendants themselves note that the Court did not determine the validity of these allegations. Furthermore, "possibility of future adverse impact on employment . . . is not a 'higher value' sufficient to overcome the presumption of access to judicial documents." *See, e.g.*, *Under Seal v. Under Seal*, 273 F. Supp. 3d 460, 470 (S.D.N.Y. 2017). Nor is reputational harm alone sufficient. *See, e.g.*, *Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand)*, No. 09 CIV. 995 (BSJ), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009). Neither the possibility of some harm to Defendant Porter's reputation nor to his employment prospects is a "higher value" sufficient to overcome the strong presumption in favor of access. *Lugosch*, 435 F.3d at 125.

Defendants' judicial integrity argument is similarly tenuous. Defendants argue that it would defeat basic principles of fairness to make publicly available documents that had been produced under a protective order. Def. Red. Mot. at 3. Yet simply because a protective order has been applied in this litigation does not mean that all materials must be kept under that order

4

until the disposition of this case. *Collado*, 193 F. Supp. 3d at 290-91 ("[T]hat a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document."). The Court finds that this argument is insufficient to warrant redacting its Order.

Finally, Defendants argue that the Court's citation to statements made by third parties "could expose the identities of those who cooperated with the internal investigations described." Def. Red. Mot. at 3. Defendants also argue, in a footnote, that such disclosure might deter future cooperation in the future. *Id.* at 3 n.1. In the redaction analysis, courts take the privacy interests of third-parties seriously. *See, e.g.*, *Under Seal*, 273 F. Supp. 3d at 467. And concerns that disclosing the identities of cooperators could hinder law enforcement are also relevant. *See Amodeo II*, 71 F.3d at 1052; *Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 622 (S.D.N.Y. 2011). These concerns are legitimate and the Court will err on the side of caution to protect the interests of innocent third parties. *See Royal Park Investments SA/NV v. Deutsche Bank Nat'l Tr. Co.*, No. 14-CV-4394 (AJN), 2017 WL 1331288, at *11 (S.D.N.Y. Apr. 4, 2017). The Court will therefore redact the sentence that includes these statements.

For the reasons above, Defendants' motion to redact the Order is DENIED except as to the sentences describing the third-party statements. The Court filed the Order on the public docket with these redactions on November 21, 2018.  Dkt. No. 197.

SO ORDERED.

Dated: September 13, 2019
New York, New York

ALISON J. NATHAN
United States District Judge